IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION



UNITED STATES OF AMERICA

v.   CRIMINAL NO. 5:09CR14DCB-LRA

RON D. QUINN and   18 U.S.C. § 371
REBECCA ANN JAMES   29 U.S.C. § 501(c)

**The Grand Jury charges:**

At all times relevant to this indictment:

1.   The International Guards Union of America (hereafter "IGUA"), Local 123, Port Gibson, Claiborne County, Mississippi, was a labor organization engaged in an industry affecting commerce, within the meaning of Sections 402(i) and 402(j) of Title 29, United States Code.

2.   Defendants **RON D. QUINN** (hereinafter "QUINN"), and **REBECCA ANN JAMES** (hereinafter "JAMES"), were officers of the IGUA, Local 123, Port Gibson, Claiborne County, Mississippi, as that term is defined in Section 402(n) of Title 29, United States Code.

3.   Defendant **QUINN** served as president of the Local 123, Port Gibson, Claiborne County, in the Jackson Division of the Southern District of Mississippi, from 2004 through September 2008.

4.   Defendant **JAMES** was financial secretary-treasurer of the Local 123, Port Gibson, Claiborne County, in the Jackson Division of the Southern District of Mississippi, from 2007 through October 2008.

COUNT 1

That from in or about January, 2008, and continuing until in or about August, 2008, in Claiborne County in the Western Division of the Southern District of Mississippi, the defendants,

1

**RON D. QUINN** and **REBECCA ANN JAMES,** did knowing and willfully conspire with each other and with others known and unknown to the Grand Jury, to commit offenses against the United States as follows: embezzlement of assets of a labor union in violation of Section 501(c), Title 29, United States Code.

It was a part of the conspiracy that the defendants would obtain IGUA Local 123 funds without the authorization of the IGUA Local 123 executive board and membership by issuing checks payable to each other from funds in the IGUA Local 123 checking account, thereafter depositing those checks in their respective bank accounts and otherwise negotiating the checks to obtain cash.

It was further part of the conspiracy that the defendants would obtain debit cards on the IGUA Local 123 bank account that were unauthorized by the IGUA Local 123 executive board and membership and thereafter make unauthorized transactions for cash or for purchases for their personal use.

In furtherance of the conspiracy and to carry out its objectives, the following overt acts were committed:

1. On or about February 06, 2008, defendants **QUINN** and **JAMES** issued check number 674 on RiverHills Bank account number XXX-6750 in the name of International Guards Union payable to defendant **QUINN** in the amount of $201.33.

2. On or about February 06, 2008, defendants **QUINN** and **JAMES** issued check number 675 on RiverHills Bank account number XXX-6750 in the name of International Guards Union payable to defendant **JAMES** in the amount of $119.05.

3. On or about April 02, 2008, defendants **QUINN** and **JAMES** applied for and received debit cards on the aforesaid union's bank account at RiverHills Bank. These debit cards were unauthorized by the union's executive board and membership. Defendant **QUINN** was issued a card

number ending in -4191. Defendant **JAMES** was issued a card number ending in -4183.

4. On or about July 24, 2008, defendant **QUINN** used RiverHills Bank card number ending in -4191 drawn on the IGUA Local 123 bank account, for the unauthorized ATM cash withdrawal of approximately $300.00 for his personal use.

5. On or about July 25, 2008, defendant **JAMES** used RiverHills Bank card number ending in -4183 drawn on the IGUA Local 123 bank account, for the unauthorized ATM cash withdrawal of approximately $100.00 for her personal use.

All in violation of Section 371, Title 18, United States Code.

## COUNT 2

That from in or about January 2008 and continuing to in or about August 2008, in Claiborne County in the Western Division of the Southern District of Mississippi and elsewhere, defendant **RON D. QUINN**, while serving president of the IGUA, Local 123, Port Gibson, Mississippi, and defendant **REBECCA ANN JAMES,** while serving as financial secretary- treasurer of the aforesaid union, did willfully and unlawfully embezzle, steal, abstract, and convert to their own use or to the use of another the sum of $11,147.30 of the monies, funds, securities, property and other assets of said labor organization, by issuing unauthorized checks to each other from union funds, and through unauthorized cash advances from the use of debit cards acquired by the defendants without the authorization of the union's executive board and membership, in violation of Section 501(c), Title 29, United States Code and Section 2, Title 18, United States Code.

## NOTICE OF FORFEITURE

As a result of the felony offenses specified in Counts 1 and 2 of this Indictment, the defendants, **RON D. QUINN** and **REBECCA ANN JAMES**, shall forfeit to the United States, any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses.

The property to be forfeited includes, but is not limited to, the following:

## MONEY JUDGMENT

A sum of money equal to $11,147.30, in United States currency, representing the amount of proceeds obtained as a result of the said offenses, for which the defendants are jointly and severally liable.

Further, if any of the property described above, as a result of any act or omission of the defendant:

   a. cannot be located upon exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property, which cannot be divided without difficulty,

then it is the intent of the United States, pursuant to Section 853(p), Title 21, United States Code, as incorporated by Section 2461(c), Title 28, United States Code, to see a judgment of forfeiture of any other property of the defendant up to the value of the property described in this indictment or any bill of particulars supporting it.

All pursuant to Section 981(a)(1)(c), Title 18, United States Code and Section 2461, Title 28, United States Code.

STAN HARRIS
Acting United States Attorney

A TRUE BILL:

s/ Signature Redacted
Foreperson of the Grand Jury

4